# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRUCE A. BUZZARD,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0051** (BOR Appeal No. 2046190)
                    (Claim No. 790067669)

**U.S. STEEL MINING COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bruce A. Buzzard, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. U.S. Steel Mining Company, LLC, by Barney Frazier, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2011, in which the Board affirmed a July 28, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 29, 2010, decision granting Mr. Buzzard a 0% permanent partial disability award for his left elbow contusion. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Buzzard was working for U.S. Steel Mining Company, LLC when he suffered a left elbow contusion on February 19, 1979. He was off work for less than four days, and received no treatment for the injury other than an initial x-ray which was normal. On April 29, 2010, the claims administrator granted Mr. Buzzard a 0% permanent partial disability award for the left elbow contusion based on the report by Dr. Condaras.

1

In affirming the claims administrator's decision, the Office of Judges held that Mr. Buzzard has 0% impairment resulting from the compensable left elbow contusion of February 19, 1979. On appeal, Mr. Buzzard argues that his affidavit was rebuttal evidence, and was wrongly excluded under West Virginia Code of State Rules § 93-1-7.2(C) (2008). He further asserts that he is entitled to an 8% permanent partial disability award based on the report by Dr. Chand. U.S. Steel Mining Company maintains that the preponderance of the evidence establishes that Mr. Buzzard is not entitled to an increased permanent partial disability award for a thirty-three year old injury from which he fully recovered. Dr. Condaras evaluated Mr. Buzzard on April 20, 2010, and found that he had no impairment attributable to the February 19, 1979, injury. He noted that Mr. Buzzard returned to work less than four days after the injury, worked for more than twenty years before retiring, and there was no evidence of a fracture. On October 12, 2010, Dr. Chand evaluated Mr. Buzzard and found 8% whole person impairment due to stiffness in the eblow and tardy ulnar palsy due to the compensable injury. Dr. Landis evaluated Mr. Buzzard on March 14, 2011, and found that Mr. Buzzard suffered from a minor soft tissue injury that received minor medical evaluation and treatment, obviously resolved, and was not evaluated or treated again for thirty years. Dr. Landis found that he had no impairment resulting from the compensable injury.

The Office of Judges found that Dr. Condaras's evaluation was persuasive, credible, and reliable medical evidence of Mr. Buzzard's whole person impairment related to the compensable left elbow contusion. Mr. Buzzard's argument that his affidavit, as rebuttal evidence, should have been admitted is well received. Under West Virginia Code of State Rules § 93-1-7.2 (c), rebuttal evidence can be submitted during any time frame or extension. The record demonstrates that there was a time frame still open at the time of the affidavit. However, there is still insufficient evidence to discredit Dr. Condaras's findings that Mr. Buzzard has no impairment attributable to the compensable left elbow contusion. The Office of Judges noted that Mr. Buzzard worked for twenty years with no further treatment of the left elbow. It further noted that Mr. Buzzard had related his left arm pain to radiation of neck pain, which is not compensable in this claim. The Office of Judges concluded that Mr. Buzzard was not entitled to an additional permanent partial disability award. The Board of Review reached the same reasoned conclusions in its decision of December 22, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

2

**ISSUED:** November 1, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II